# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 3:03-CR-6 |
| DAMIEN DESHONG COUNCIL, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 18, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Will Tatum.

Damien Deshong Council was sentenced on October 28, 2004, before The Honorable Judge Paul N. Brown of the Eastern District of Texas after pleading guilty to the offenses of Possession of a Controlled Substance with Intent to Distribute - Count 1; Felon in possession of a Firearm - Count 2; and Use, Carry, or Possess a Firearm During and in Relation to a Drug Trafficking Crime - Count 3, Class C, C, and A felonies respectively. These offenses carried a statutory maximum imprisonment term of Life on Count 3, 20 years on Count 1, and 10 years on Count 2. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of VI, was 360 months to life. Damien Deshong Council was subsequently sentenced to 240 months imprisonment on Count 1, 120 months imprisonment on Count 2, and 60 months imprisonment on Count 3, to be served consecutively, followed by 3 years supervised

release on each count, to be served concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and repayment of delinquent child support. On August 8, 2006, the term of imprisonment was reduced to 48 months on Count 1, 29 months on Count 2, and 60 months on Count 3, to run consecutively, pursuant to 18 U.S.C § 3742(f)(1) and (2). On June 28, 2016, Damien Deshong Council completed his period of imprisonment and began service of the supervision term. On February 6, 2018, this case was reassigned to The Honorable Marcia A. Crone, U.S. District Judge.

On June 20, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 113, Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall refrain from any unlawful use of a controlled substance; (5) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (6) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1), (2), 3) On June 9, 2019, Mr. Council was arrested by Paris Police Department for Manufacture/Delivery of a Controlled Substance PG 1 >= 1G < 4G, a 2nd Degree Felony in violation of Texas Health and Safety Code § 481.112; and Possession of Marijuana <= 2oz, a Class B Misdemeanor in violation

of Texas Health and Safety Code § 481.121. According to the arrest report, Mr. Council was pulled over in his vehicle and found to be in possession of 1.31 grams of cocaine, a large number of small currency bills, and a marijuana rolled cigarette. The report also states that Mr. Council told the officer he had been smoking marijuana inside the vehicle. Mr. Council was released on bond on June 10, 2019, and the charges are pending in Lamar County; (4), (5) On February 1, 2018, Mr. Council submitted a urine sample which tested positive for marijuana. He subsequently admitted to using marijuana and signed an admission form stating such; and (6) Mr. Council failed to notify the U.S. Probation Office of his arrest on June 9, 2019.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 4 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 24th day of October, 2019.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE